UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DARIEN PUGHE,

                Petitioner,

   -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CR-443 (CBA)
15-CV-5337 (CBA)

**AMON, United States District Judge:**

Petitioner Darien Pughe, who is incarcerated at FCI Cumberland in Cumberland, Maryland, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court denies the petition.

## BACKGROUND

On March 26, 2009, Pughe, represented by David Stern, entered a guilty plea to count two of a multicount indictment. In count two, he was charged with engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A). On October 2, 2009, he was sentenced on that plea, principally to a term of imprisonment of sixty months followed by a three-year term of supervised release. Pughe's term of supervised release for that conviction was marked by repeated violations. In all, the United States Probation Department ("Probation") filed a violation report and three subsequent addenda, each of which reported additional violations, for a total of eleven charges. The last addendum and charge is central to this petition.

On June 5, 2014, Pughe failed to appear for a violation of supervised release hearing and a warrant was issued for his arrest. On June 23, 2014, he was arrested by the United States Marshal on that bench warrant. A search of his car revealed, among other contraband, shotgun ammunition. He was arraigned before Magistrate Judge Lois Bloom on the bench warrant and she ordered him detained pending an upcoming detention hearing. Thereafter, on July 10, 2014, Probation filed an

1

eleventh violation of supervised release charge reflecting the new criminal conduct discovered during the June 23, 2014 search of Pughe's car, namely, that Pughe was a felon in possession of ammunition.

Pughe was not separately indicted for that conduct until August 13, 2014 when he was charged with being a felon in possession of ammunition. He was arraigned on the indictment on August 14, 2014. David Stern was appointed to represent him on this charge. Time was excluded under the Speedy Trial Act from this date and on each subsequent court appearance until his guilty plea to the single count of the indictment on December 17, 2014. On the same date, Pughe entered a guilty plea to two of the eleven supervised release violations related to his 2009 plea. One of these charges, the eleventh charge, related to the same conduct charged in count one of the 2014 indictment. On May 7, 2015, the Court sentenced Pughe to eighty-four months of imprisonment and a three-year term of supervised release to run consecutively to a twelve-month term of imprisonment imposed on the same day for the violation of supervised release reflected in the eleventh charge.

## HABEAS CLAIMS

Pughe did not appeal the 2014 conviction or its resulting sentence. Thus, for purposes of 28 U.S.C. § 2255, his judgment became final on May 27, 2015. See Fed. R. App. P. 4(b)(1)(A)(i). He filed the instant petition pro se on September 15, 2015, asserting an ineffective assistance of counsel ("IAC") claim under the Sixth Amendment because Stern did not file a motion to dismiss the August 13, 2014 indictment as untimely under the Speedy Trial Act. (D.E. # 25.)

After the Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), in Johnson v. United States, 135 S. Ct. 2551, 2557 (2015), and determined that prisoners on habeas review could make vagueness challenges to

2

sentences enhanced by that ACCA clause in Welch v. United States, 136 S. Ct. 1257, 1265 (2016), Pughe filed a pro se amendment to his petition on May 6, 2016. (See D.E. # 28.) Pughe's main contention was that his sentence was based on an unconstitutionally vague provision of the United States Sentencing Guidelines ("USSG"), which had similar wording to that of ACCA's residual clause. (Id.) On June 18, 2016, the Federal Defenders filed a notice of appearance to represent Pughe in connection with the amendment filed to his habeas petition. (D.E. # 30.) The government addressed the initial habeas claim in an answer dated May 10, 2016, (D.E. # 27), and addressed the new claim in Pughe's amendment in a supplemental answer dated September 7, 2017, (D.E. # 32). Pughe filed a pro se reply to the first answer on June 9, 2016. (D.E. # 29.) Although he had been appointed new counsel, the counsel submitted a letter dated October 10, 2017, stating that she would not be filing a reply brief because an intervening Supreme Court case, Beckles v. United States, 137 S. Ct. 886 (2017), foreclosed Pughe's constitutional challenge. (D.E. # 33.)

## DISCUSSION

A federal prisoner "claiming the right to be released upon the ground that [his] sentence was imposed in violation of the Constitution or laws of the United States" may challenge that sentence under § 2255. 28 U.S.C. § 2255(a). In his amended habeas application, Pughe makes three arguments: that (1) Stern deprived him of his Sixth Amendment right to effective counsel by failing to make a motion to dismiss his August 13, 2014 indictment because of a Speedy Trial Act violation; that (2) in light of Johnson and Welch, Pughe's sentence was based on an unconstitutionally vague USSG provision; and that (3) even if the provision were not vague, the Court inappropriately applied it in this case. The Court rejects each of the three arguments.

3

## I. IAC Claim

To prove an IAC claim, Pughe must show that (1) Stern's performance "fell below an objective standard of reasonableness," and that (2) the error caused prejudice. Strickland v. Washington, 466 U.S. 668, 687–88 (1984). Pughe fails to satisfy the first prong because Stern's decision was objectively reasonable.

Under the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of <u>an offense</u> shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b) (emphasis added). Moreover, if "no indictment or information is filed within the time limit required by section 3161(b) . . . , such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." Id. § 3162(a)(1) (emphasis added). Here, Pughe avers that because the August 13, 2014 grand jury indictment came 50 days after his June 23, 2014 arrest, the indictment violated the Speedy Trial Act.

However, Pughe erroneously links the indictment to the arrest. The June 23, 2014 arrest was for failing to appear at a supervised-release revocation hearing, not for the offense of being a felon in possession of ammunition. Arrests based on separate offenses do not start the Speedy Trial Act clock for an indictment. On this point, the Second Circuit's summary order in <u>United States v. Patterson</u>, 135 F. App'x 469 (2d Cir. 2005), is instructive. The Second Circuit in <u>Patterson</u> read the Speedy Trial Act "narrowly" and affirmed a lower-court decision not to dismiss an indictment for a purported Speedy Trial Act violation. In <u>Patterson</u>, the defendant was arrested and held for supervised-release violations in February 2003, but was charged with separate crimes in an indictment filed in June 2003 and a superseding indictment filed in November 2003. See 135 F. App'x at 473. The Court of Appeals observed:

4

> While the indictment charges arose from some of the same facts as some of the supervised release violations, <u>they constitute separate offenses</u> from the charge of violating supervised release conditions. Thus, as the direct court correctly pointed out, because <u>these criminal offenses were not formally charged until the indictment itself was handed down</u>, and because <u>Patterson was not arrested on these charges</u>, the speedy trial clock did not start running as to those charges until the indictment was filed.

Id. at 473–74 (emphasis added). In this case, Pughe's felon-in-possession offense was distinct from the charge of failing to appear to a required supervised-release revocation status conference, which related to a suspected drug offense; he was not formally charged with being a felon in possession until the indictment. The facts of Pughe's case and Patterson are materially indistinguishable.[1]

Pughe attempts to distinguish Patterson by creating factual disputes. However, the disputes are not genuine. First, Magistrate Judge Bloom's "Order of Detention Pending Trial" allegedly indicates that Pughe was arrested for a criminal "Trial," not a supervised-release revocation proceeding. (D.E. # 25 at 12.) However, the record conclusively shows that Pughe was arrested for failing to appear at a revocation hearing, and that Magistrate Judge Bloom issued an order to detain him until he could have a rescheduled supervised-release revocation proceeding with this Court. See Minute Entry, Pughe v. United States, 08-cr-737, D.E. # 72 (E.D.N.Y. July 7, 2014); Tr. at 3–5, id., D.E. # 86 (E.D.N.Y. Sept. 22, 2015); (see also D.E. # 27-1 at 7–9).

Second, Pughe suggests that he was formally charged with the felon-in-possession offense during the July 7, 2014 proceeding in this Court. (D.E. # 29 at 8–9.) In fact, the government had not yet sought an indictment from the grand jury; according to the minute entry for the July 7,

---

[1] In a letter dated December 10, 2014, Stern advised Pughe of Patterson in explaining why he would not file a motion to dismiss the indictment. (See D.E. # 25, Ex. A.) Pughe attached the letter to his habeas petition. (Id.)

2014 proceeding, a potential "New Indictment" was only "under consideration" at that point, Minute Entry, Pughe v. United States, 08-cr-737, D.E. # 72 (E.D.N.Y. July 7, 2014).

Pughe further attempts to distinguish Patterson by noting that while the defendant in Patterson "was arrested on a warrant for having violated supervised release," he "was arrested on a bench warrant for having failed to appear." (D.E. # 29 at 9.) Pughe's distinction is irrelevant. The question in Patterson was whether the charge for which the defendant was arrested and the charge in the indictment were "separate." See Patterson, 135 F. App'x at 473. As the record shows, the felon-in-possession charge is separate from the failure to appear at the supervised-release revocation proceeding. Thus, Pughe is not entitled to relief on the IAC claim.

## II. USSG Claims

### A. Constitutional Claim

The Court easily disposes of Pughe's constitutional challenge to its application of the USSG in his case. The Supreme Court held that no litigant has a viable vagueness challenge to the USSG, if the Court, as here, applied it in an advisory fashion. See Beckles v. United States, 137 S. Ct. 886, 890 (2017).

### B. Sentencing Error Claim

In calculating the guidelines range, this Court applied the Firearms Possession Guideline, § 2K2.1 of the USSG, against Pughe. Giving his petition an overly generous interpretation, the Court construes it as arguing that Pughe's prior convictions for New York first-degree robbery and federal carjacking, in violation of 18 U.S.C. § 2119, are not proper predicates under the Firearms Possession Guideline, and that the Court therefore misapplied the Guideline. Pughe did not raise this challenge on direct review and it cannot be raised for the first time on habeas review. Cf. Poindexter v. Nash, 333 F.3d 273, 382 (2d Cir. 2003) ("[C]hallenge to the application of the

Guidelines . . . has been defaulted because it could have been made on direct appeal."). In any event, it fails on the merits.

Under the version of the Firearms Possession Guideline in effect at the time of Pughe's sentencing, the Court considered, in relevant part, whether the defendant "sustain[ed] at least two felony convictions of . . . a crime of violence . . . ." U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2014). For the term "crime of violence," the USSG employed the same definition used in the Career Offender Guideline, §§ 4B1.1 and 4B1.2. See id. § 2K2.1 cmt. application note 1. At the time, the Career Offender Guideline's definition of a "crime of violence" was comprised of two sections. The first, colloquially called the "force clause," defined crime of violence as any offense "that has as an element the use, attempted use, or threated use of physical force against the person of another." Id. § 4B1.2(a)(1). The second defined crime of violence as "burglary of a dwelling," arson, extortion, any offense "invol[ving] use of explosives," or—in a catch-all category colloquially called the "residual clause"—any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 4B1.2(a)(2).

In this case, both offenses qualify as crimes of violence. The Second Circuit has held that New York first-degree robbery qualifies as a crime of violence under the residual clause of the Career Offender Guideline. See United States v. Jones, 878 F.3d 10, 17 (2d Cir. 2017). In addition, certain federal statutes incorporate the same language as the force clause in the Career Offender Guideline, and every Court of Appeals confronted with the issue has found that federal carjacking qualifies as a crime of violence under the force clause of those statutes. See, e.g., United States v. Gutierrez, 876 F.3d 1254, 1256–57 (9th Cir. 2017) (collecting cases for the force clause in 18 U.S.C. § 924(c)(3)(B)); United States v. Mohammed, 27 F.3d 815, 819 (2d Cir. 1994) (finding carjacking a crime of violence under § 924(c)(3)(B)); cf. United States v. Deiter, 890 F.3d 1203,

1212–13 & n.8 (10th Cir. 2018) (collecting cases and finding that bank robbery statute, which in relevant part includes identical language as the federal carjacking statute, was a crime of violence under the force clause of the Career Offender Guideline). Pughe cites no law to the contrary. Accordingly, the Court finds that both crimes are proper predicates under the Firearms Possession Guideline.

## CONCLUSION

The Court DENIES Pughe's habeas petition. Because Pughe has not made a substantial showing of the denial of a constitutional right, the Court does not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 111–12 (2d Cir. 2000). Pursuant to 28 U.S.C. § 1915(a), the Court certifies that petitioner would not take any appeal in good faith and that this Court therefore denies in forma pauperis for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Court respectfully directs the Clerk of Court to enter judgment accordingly, to mail this Memorandum and Order and the judgment to Pughe at his listed address, and to close this case.

SO ORDERED.

Dated: September 26, 2018
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge